09-23566.oa

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-23566-CIV-ALTONAGA-BROWN

SENTRY SELECT INSURANCE
COMPANY,

    Plaintiff,

vs.

SEATRUCK, INC., et al.,

    Defendants.
_____/

## ORDER RE: MOTION TO COMPEL DISCOVERY

**THIS MATTER** is before the Court on Seatruck (sic) Motion to Compel Discovery ...(D.E. 30). The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

Initially, the Court must address the back bone of much of this claimed discovery by the claimant - "ambiguity"...which the Court finds to be a "red herring", at best. The only place the matter arises is in affirmative defense #3. Nothing, however, explains why the words in the policy are ambiguous.

Claimant says certain of those words are not defined. However, nothing in the law makes an undefined word or term, ipso facto, ambiguous. What claimant really says is that it claims certain of its actions comply with the terms of the policy and the insurance carrier disagrees. That does not make those terms ambiguous. Furthermore, it is interesting to note that the counterclaim filed by claimant does not seek to have the policy...or the "terms at issue" declared ambiguous. It states,

1

quite clearly, the claimant has complied with the policy and the plaintiff has breached the contract.

In addition, a determination of an ambiguity in the policy is a legal question for the Court. See e.g. Philadelphia American Life Insurance Company v. Buckles, 350 Fed. Appx. 376, 379 (C.A,11(Fla.)); Peterson v. Lexington Insurance Company, 753 F. 2d 1016, 1018 (11th Cir. 1985). The mere fact that the parties may ascribe different meanings or interpretations to the words does not make them ambiguous. Id. Despite this case pending for over six months, no effort has been made by claimant for any determination of any ambiguity. The relevance of the "red-herring" issue is that parole evidence (much of what this discovery dispute is about) is irrelevant unless and until a determination of an ambiguity has been made. See Philadelphia American Life Insurance Company v. Buckles, at 379-80.

While the Court recognizes that there is a difference between discovery and admissibility, this Court is unwilling to allow wholesale discovery of what would otherwise be prohibited at this time based merely on the conclusory use of "magic words". It is important to note that a party cannot use discovery to prove the alleged ambuguity. That determination is governed by the four corners of the policy. See e.g Shipner v. Eastern Air Lines, Inc. 868 F. 2d 401, 405 (11th Cir. 1989). As one Court has previously noted, for an ambiguity to exist in a contract, it must exist in the contract, not outside of it. See Bowen v. Cullman Bros., Inc., 414 F. 2d 739 (5th Cir. 1969).[1]

Therefore, for the reasons stated, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows:

1. With regard to interrogatory 5, the motion to compel is **GRANTED**. The fact that "it is

---

[1] Decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981).

impossible to provide a complete answer" (see response at page 2) does not prevent plaintiff from providing "a more complete answer". There is clear support for the fact that additional information was not provided. (See the reply at page 4).

2. With regard to interrogatory 6, the motion is **DENIED**. Claimant's conclusory, unsupported statement that "[T]here is no dispute that Plaintiff has denied coverage" does not make it so. If that were, in fact the case, then how does Claimant explain the fact that Plaintiff is providing Claimant a defense?

3. With regard to interrogatory 7, the motion is **DENIED**. The Court finds that this interrogatory, on its face, raises questions of its relevance. Throughout much of the remaining discovery, claimant simply puts the burden on plaintiff to support its position without any effort on the part of claimant to do the same.

As quite simply stated "[S]ome threshold of showing of relevance must be made before parties are required to open wide the doors of discovery..." Hofer v. Mack Trucks, Inc., 981 F. 2d 377, 380 (8th Cir. 1992) - and this was before discovery became more restricted in 2000 with the revision of FRCP 26 (b)(1). Not surprisingly, claimant cites for support a Supreme Court case issued prior to the 2000 change in the scope of discovery. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351...(1978). Even more not surprising, the quote cited by claimant is in direct reference to the then proper scope of discovery.

FRCP 26 (b)(1) now allows the scope of discovery to be "non-privileged matter that is relevant to any party's claim or defense...". Plaintiff's claim claimant has failed to comply with a condition of the policy. The claimant says plaintiff breached the contract. This request addresses neither. Claimant attempts to support this position by claiming that "[T]he underwriting file should

have been reviewed...and information used as a basis for denial was presumably would come from such a file"(sic). To be kind the Court's response simply is ...says who?

4. With regard to interrogatory 8, see paragraph 2, supra. Claimant's totally unsupported statement that "There must be other witnesses" simply does not make it so.

5. With regard to interrogatories 9, 10, 11, and 12 the motion is **DENIED**. Coverage is determined by the policy, not what plaintiff did, or did not do, in other situations. See Kane v. Aetna Life Ins., 893 F. 2d 1283, 1285, footnote 3 (11th Cir. 1990). To the extent it can be argued that those actions may have been interpretations of the policy as in Kane, the difference is that in Kane, the alleged interpretations were made directly to the policyholder. There is no claim in this case that somehow claimant knew of how plaintiff was interpreting the applicable provisions with regard to others are relied on same.

6. With regard to interrogatories 13 and 14, the motion is **GRANTED**. The questions have not properly been answered. Referring plaintiff to various generic groups of people is not sufficient.

7. With regard to document requests 1 and 2, the motion is **DENIED**. See, generally, paragraphs 2 and 3, supra.

8. With regard to document requests 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15, the motion is **DENIED**. See paragraph 5, supra.

9. To the extent the motion is granted, plaintiff shall have through and including Wednesday, June 23, 2010, to provide the information.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of June, 2010.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Honorable Cecilia M. Altonaga
Counsel of record